# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIELLE ANNETTE STEPHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-CV-271-CVE-JFJ |
| | ) |
| TRANSUNION, EQUIFAX, and | ) |
| EXPERIAN, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is plaintiff's complaint (Dkt. # 1). On July 1, 2021, plaintiff filed this case naming three consumer reporting agencies as defendants. She alleges that her claims occurred "on her credit report" over the "past few years." Dkt. # 1, at 5. Plaintiff makes the following allegations concerning defendants' actions giving rise to this case:

> Experian & Equifax did not remove items listed on my FTC report. All 3 CRA listed factual information & violated my right to privacy. All 3 CRA stole my identity by placing information without my permission. All 3 CRA listed authorization or approvals when using my credit cards. All 3 CRA listed information that was solely between me and a organization. TransUnion and Experian listed accounts placed for collection. All 3 CRA listed adverse items.

Id. Plaintiff seeks money damages in varying amounts from each defendant and she demands that defendants refrain from listing "derogatory marks" on her credit report. Id. at 6. Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe her pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case"); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction"). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Plaintiff filed this case using a form complaint for pro se plaintiffs, and she left the section of the complaint concerning subject matter jurisdiction blank. The complaint does not state whether plaintiff is asserting claims under state or federal law, and the Court will consider whether plaintiff could state a valid claim under Oklahoma law. Plaintiff could be attempting to assert a claim concerning her right to privacy over information related to her credit or her personal information. However, the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (FCRA) expressly preempts invasion of privacy claims against consumer reporting agencies such as the named defendants. Section 1681h(e) states that "no consumer may bring any action or proceeding in the nature of

defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Plaintiff alleges that defendants violated her privacy by listing "factual information" on her credit report, but she does not allege that there is any false or inaccurate information on her credit report. Even if she had alleged that her credit report was inaccurate, she could avoid the preemption provision of the FCRA only if she alleged that defendants acted with "malice or willful intent to injure" plaintiff. Plaintiff has made no such allegations and any state law claims concerning her right to privacy are expressly preempted by the FCRA.

The Court will also consider whether plaintiff's complaint could be construed to allege a claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)). Plaintiff could be attempting to assert a claim under the FCRA against defendants. To state an FCRA claim, a plaintiff must allege that "(1) [defendant] failed to follow reasonable procedures to assure the accuracy of its reports; (2) the report in question was, in fact, inaccurate; (3) [plaintiff] suffered injury; and (4) [defendant's] failure caused [her] injury." Eller v. TransUnion LLC, 739 F.3d 467, 473 (10th Cir. 2013). Plaintiff has not alleged that

3

defendants failed to follow reasonable procedures to ensure accurate credit reporting or even that defendants reported inaccurate information. Dkt. # 1. Instead, she complains that defendants violated her privacy by posting "factual information" about plaintiff's credit to her credit report. Plaintiff has not identified any federal statute or constitutional right allegedly violated by defendant's conduct, and she has not stated a claim under federal law against defendants. The Court find no basis to exercise jurisdiction over this case under 28 U.S.C. §§ 1331 or 1332, and this case should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff's claims are **dismissed without prejudice** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 7th day of July, 2021.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE